T. J. Steel to Use of Lizzie M. Steel, Appellant, *v.* Thomas L. McKerrihan, Defendant, and Thomas J. Steel, Garnishee.

*Wages—Attachment execution—Act of May* 23, 1887.

A creditor sent a claim against his debtor to West Virginia and made the collection out of the wages of labor due the latter from a railroad company. The debtor brought suit against the creditor in Pennsylvania, and under the act of May 23, 1887, P. L. 164, recovered a judgment against the creditor for the amount of the wages collected in West Virginia. The creditor then transferred to his wife a judgment note which he held against the debtor. The creditor's wife entered judgment on the note in this state, and issued an attachment execution for the purpose of appropriating the judgment which was recovered against her husband. *Held,* that the protection afforded to the laborer by the act could not be taken from him in this manner, and that the attachment should be quashed.

Argued Oct. 8, 1895. Appeal, No. 93, Oct. T., 1895, by plaintiff from order of C. P. Greene Co., Oct. T., 1894, No. 38, quashing writ of attachment execution. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Rule to quash attachment-execution. Before MESTREZAT, J.

T. J. Steel had a claim against McKerrihan, which on July 13, 1893, he sent to the state of West Virginia and there issued an attachment for its collection, and attached in the hands of the

Baltimore & Ohio Railroad Company, as garnishee, the wages due McKerrihan, who was an employee of the said company in Allegheny county, Pennsylvania. A judgment was recovered on the said attachment and the amount thereof paid to Steel, and deducted from the wages due McKerrihan from the company. On September 25, 1893, McKerrihan brought an action against Steel before a justice of the peace, under the act of May 23, 1887, P. L. 164, entitled, " An act to secure to laborers within this commonwealth the benefit of the exemption laws of this commonwealth, and to prevent assignment of claims for the purpose of securing their collection against laborers outside of this commonwealth." An appeal was taken from the judgment of the justice, and the plaintiff recovered judgment on the appeal for $81.07, the amount of McKerrihan's wages attached and collected in the state of West Virginia by Steel. Subsequently, at No. 37, Oct. T., 1894, a judgment was entered in favor of Thomas J. Steel for the use of his wife Lizzie M. Steel against McKerrihan. On July 5, 1894, an attachment execution was issued on this judgment and Thomas J. Steel was made garnishee. Interrogatories were filed and Steel answered that McKerrihan had recovered a judgment against him at No. 431, Oct T., 1893, for the sum of $81.07 on June 18, 1894. On August 4, 1894, McKerrihan presented his petition setting forth the facts and asking the court to quash and set aside the said attachment at the costs of the plaintiff. The court quashed the attachment.

*Error assigned* was above order.

*J. P. Teagarden*, for appellant.—The court below, in its opinion, gives the act of 1887 a liberal construction;—it being class legislation and penal in its provisions, should be construed strictly. A statute giving a new remedy or creating a new jurisdiction should be strictly construed: East Union Township v. Ryan, 86 Pa. 459. The act prescribing a penalty for taking illegal fees is a penal one and must be construed strictly: Aechternacht v. Watmough, 8 W. & S. 162. Under the authorities of these cases the act of 1887 should be construed strictly.

*R. L. Crawford*, for appellee.—The provision of the act is a

general law, applicable to all judgments, whether entered in the common pleas or before a justice of the peace: Catlin v. Ensign, 29 Pa. 264; Firmstone v. Mack, 49 Pa. 387.

The exemption must therefore be regarded as founded on public policy, looking to the protection of laborers and their families, even against their own voluntary acts: Sweeney v. Hunter, 145 Pa. 371.

The appellant will not be permitted to nullify the act by the unreasonable construction contended for by the counsel in his argument. The cases cited by him have not the slightest connection with the one in hand.

East Union Township v. Ryan, 86 Pa. 459, is referred to as supporting his views of the act of 1887. That case simply decided that where a special act of assembly provided that certain commissioners should view and open a state road and draw warrants for the cost of the same on a township where a special tax was laid for the purpose, it was necessary before recovery could be had on these warrants, to first show that the directions of the statute had been literally complied with.

Aechternacht v. Watmough, 8 W. & S. 162, is also cited. The point determined there was that the fee-bill being penal in its nature rather than remedial, in order to recover the penalty provided in the same, the narr should state the particular service for which an officer took an illegal fee.

Steel could not set off his debts against McKerrihan's judgment, neither will he be permitted to assign his debt to his wife, as he does in this case, and enable her to do what he could not: Wilson v. McElroy, 32 Pa. 84; Miller v. Rush, 25 Pitt. Leg. Jour. 72.

OPINION BY MR. JUSTICE McCOLLUM, January 6, 1896:

The legal plaintiff having a claim against the appellee sent the same to West Virginia for collection out of the wages of labor due to the latter from the Baltimore & Ohio Railroad Company. He succeeded in getting possession of the wages due from the company to his debtor who under the provisions of the act of May 23, 1887, recovered a judgment against him for the amount of them. He held a note against the appellee which he transferred to his wife, who entered judgment upon it in Greene county and issued an attachment execution for

the purpose of appropriating the wages for which judgment was recovered against her husband. The learned court below thought that the protection afforded to the laborer by the act referred to could not be taken from him in this manner, and accordingly quashed the attachment.

The contention of the appellant is that the judgment against her husband represents a penalty imposed by the statute for a violation of it, and that the legislation exempting the wages of labor from attachment for debt is not applicable to the case in hand. In considering her claim it must be remembered that the exemption of the wages of labor from seizure on execution process was intended for the benefit of the debtor and of his family, and that he cannot waive it: Firmstone v. Mack, 49 Pa. 387. It must also be borne in mind that the dominating purpose of the act of May 23, 1887, was to afford additional security to the exemption previously granted to them, and that if her contention is sustained this purpose will be substantially defeated. Her husband, in violation of this act and with intent to deprive the appellee of the right to have his personal earnings exempt from application to the payment of his debts according to the laws of the commonwealth, instituted proceedings in an adjoining state and by virtue of them obtained possession of his debtor's wages. Can he now apply the judgment recovered against him for the amount of the wages so obtained in payment of claims he holds against the appellee, or has transferred to his wife? The act which gives the action against him limits the recovery to the wages appropriated in defiance of it, and denies to him the benefit of the exemption laws of the commonwealth upon any execution process issued upon any judgment obtained in the suit.

It seems to us upon due consideration of the case that the judgment recovered in the action given by the statute represents the wages collected in violation of it and that the creditor holds the wages so collected subject to the exemption applicable to them in the hands of his debtor's employer.

The order quashing the attachment is affirmed.