## S. J. Little, Appellant, *v.* Louis Balliette, Lehigh Valley Railroad, Garnishee.

*Wages—Not liable to foreign attachment.*

Wages of labor are not liable to foreign attachment. The rule that non-resident debtors are not entitled to the benefit of our exemption law does not apply because the Act of April 15, 1845, P. L. 459, forbids the taking of jurisdiction over the subject-matter.

*Appeals—Record—Presumption of regularity—Order dissolving foreign attachment.*

Where, in the exercise of its discretionary power to grant summary relief, the court acts on extrinsic evidence and quashes a writ of foreign attachment the presumption is that everything was done rightly and according to law. All that is brought up on appeal is the record, and the affidavits and depositions read on the hearing of the motion are not part of the record. Nicholl v. McCaffrey, 1 Pa. Superior Ct. 187.

Argued Jan 17, 1899. Appeal, No. 11, Jan T., 1899, by plaintiff, from judgment of C. P. Bradford Co., Dec. T., 1897, No. 382, dissolving foreign attachment. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.

Foreign attachment in assumpsit. Before PECK, P. J.

It appears from the record in this case that under foreign attachment, wages for labor were attached in the hands of the garnishee. Defendant took a rule to show cause why the attachment should not be dissolved, which the court made absolute, and filed the following opinion:

" In the argument of this case the only matter in dispute was the question as to whether wages for labor can be attached by foreign attachment. It was contended by the plaintiff that the act of April 15, 1845, is a supplement to the act of June 16, 1836, P. L. 755, and does not apply to actions of this kind, which are brought under the act of June 13, 1836.

" As this question has been expressly decided by our Supreme Court, in case of Hamberger v. Marcus, 157 Pa. 133, in which Mr. Justice McCOLLUM held that the Act of April 15, 1845, P. L. 459, does apply in case of foreign attachment, I presume that the attention of the court was called to the fact raised by the plaintiff in the case. The rule to show cause why the attachment in this case shall not be dissolved, made absolute." Plaintiff appealed.

*Error assigned* was in making the rule absolute, and dissolving the foreign attachment in this case.

*S. W. Little,* with him *Wm. Little,* for appellant.—The only authority for the court to hold as it did in this case, is to be found in a proviso of the first clause of the Act of April 15, 1845, P. L. 459, passed as a supplement to the Act of June 13, 1836, P. L. 572, sec. 79.

The law of foreign attachments was passed the 13th of June, 1836. Under the general rule for the interpretation of statutes a proviso can only be held to be a limitation upon something contained in the statute, of which it is a part: Seiders v. Giles, 141 Pa. 93; Lehigh Co. v. Meyer, 102 Pa. 479.

It has not been the policy of our lawmakers to legislate for the benefit of foreigners: Velverton v. Burton, 26 Pa. 315; Deni v. Penna. Railroad Co., 181 Pa. 525; McCarthy's Appeal, 68 Pa. 217.

*H. F. Maynard,* with him *I. N. Evans,* for appellee, filed no paper-book.

OPINION BY RICE, P. J., February 17, 1899:

The proviso of the fifth section of the Act of 1845, P. L. 459, which declares, " that the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer," is a general law and applies to all judgments whether entered in the common pleas or on the docket of a justice of the peace.    This was squarely decided in Catlin v. Ensign, 29 Pa. 264 (1857), and the ruling has been followed in all later cases in which the question has arisen: Smith v. Brooke, 49 Pa. 147 ; Sweeny v. Hunter, 145 Pa. 363 ; Hamberger v. Marcus, 157 Pa. 133.    It is argued, that the act of 1845 never applied to foreign attachments, and if it ever did apply it was repealed, so far as nonresident debtors were concerned, by the proviso of the fourth section of the Act of May 8, 1874, P. L. 123.    The act of 1845 is frequently spoken of, for convenience' sake, as an exemption law, and in a sense it is such, but more broadly it is a law forbidding the taking of jurisdiction by attachment over the subject-matter. It was not intended to confer a personal privilege upon laborers merely, but was enacted for the protection of their employers as well.    For this reason, as well as upon grounds of public policy, it was held that the laborer could not waive its provisions, and thereby subject his employer to the liability to the expense and annoyance of attachments.    " It is to be observed," said Chief Justice WOODWARD, " that the garnishee has rights in the premises, and he is under the act of assembly, but is not a party to the agreement which the laborer makes with his creditor: " Firmstone v. Mack, 49 Pa. 387.    This being so, those cases which hold that " it has not been the policy of our law-makers to legislate for the benefit of foreigners," and, therefore, that nonresident debtors are excluded from the benefits of our exemption laws, do not apply.    The exemption laws had in contemplation in those decisions and in the act of 1874 were such as were passed for the benefit of debtors.    In Hamberger v. Marcus, 157 Pa. 133, the counsel for the appellant argued. (1) that the act of 1845 extends to foreign attachments, and (2) that the commissions attached were within the protection of the act.    The Supreme Court affirmed the latter proposition in an elaborate and exhaustive opinion, and while they did not discuss the former proposition it seems to us that the reversal of the judg-

ment of the common pleas must be regarded as an adjudication that the wages of labor are not liable to foreign attachment.

There is an additional reason why the assignment of error cannot be sustained. Where in the exercise of its discretionary power to grant summary relief in proceedings of this nature the court acts on extrinsic evidence the presumption is, that everything was done rightly and according to law. All that is brought up for review on an appeal from an order quashing a writ of foreign attachment is the record, and the affidavits and depositions read on the hearing of the motion are not part of the record. The authorities upon this subject were collected and reviewed in Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187.

Order affirmed and appeal dismissed at the costs of the appellant.