## Morris Box Board Company, Appellant, *v.* Rossiter.

*Foreign attachment—Wages—Exemption—Waiver.*

The Act of April 15, 1845, P. L. 459, exempting wages from attachment, is a general law, and applies to foreign attachment. The exemption given by the act cannot be waived.

While a general appearance in a foreign attachment precludes the defendant from afterward questioning the jurisdiction of the court to proceed in the action as if it had been commenced by summons duly served, it does not, of itself, deprive him of the right to have his wages or salary released from the lien, or pretended lien, of the attachment.

Argued Oct. 5, 1905. Appeal, No. 74, Oct. T., 1905, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1904, No. 60, making absolute rule to dissolve attachment in case of Morris Box Board Company v. Maurice L. Rossiter. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to dissolve foreign attachment.

From the record it appeared that the defendant entered a general appearance and subsequently took a rule to dissolve the attachment. The affidavit in support of the rule averred that the fund attached was commissions claimed to be due as wages to the defendant.

The court made the rule absolute.

*Error assigned* was the order of the court.

*Reynolds D. Brown,* with him *Charles H. Burr* and *Malcolm Lloyd, Jr.,* for appellant.—While the conclusion of the court below that the attachment was not properly begun is not conceded by the plaintiff, yet this appeal is rested on the clear proposition that the defendant's counsel were too late in taking their rule to show cause why the attachment should not be dissolved. Under the authorities it seems perfectly clear that by entering a general appearance the defendant has waived his right to raise any question as to the validity of the attachment: Manuel v. R. R. Co., 2 Miles, 398 ; Malone v. Lindsley, 1 Phila. 288; Memphis, etc., R. R. Co. v. Wilcox, 48 Pa. 161; Lans-

ford Borough v. Jones, 5 Pa. Dist. Rep. 483; Pain's Pyro-Spectacle Co. v. Lincoln Park, etc., Co., 6 Pa. Dist. Rep. 93; Turner v. Larkin, 12 Pa. Superior Ct. 284.

*Stanley Folz*, with him *Leon H. Folz*, for appellee.—The court lack jurisdiction to attach a traveling salesman's commissions: Matson v. Bryan, 26 W. N. C. 248; Billin v. Froment, 3 Pa. C. C. Rep. 450; Little v. Balliette, 9 Pa. Superior Ct. 411; Hamberger v. Marcus, 157 Pa. 133.

The defendant did not by his entry of appearance in the cause, disentitle himself from moving for the dissolution of the attachment on the ground that the court lacked jurisdiction over the subject-matter of the attachment: Little v. Balliette, 9 Pa. Superior Ct. 411; Turner v. Larkin, 12 Pa. Superior Ct. 284; Fuller v. Bryan, 20 Pa. 144; Melloy v. Burtis, 124 Pa. 161; Firmstone v. Mack, 49 Pa. 387; Cunliffe v. Rinehart, 2 W. N. C. 79; Com. v. Barnett, 199 Pa. 161; English v. English, 19 Pa. Superior Ct. 586; Nevil v. Heinke, 22 Pa. Superior Ct. 614.

OPINION BY RICE, P. J., January 13, 1906:

The object of a writ of foreign attachment is to compel an appearance; if the defendant appears and takes defense, the act of 1836 provides that the action shall proceed as if commenced by summons, " but the attachment shall, nevertheless, continue to bind the estate or effects attached, as in other cases, unless judgment be rendered for the defendant in such attachment." This clause of the statute is to be read in connection with the proviso in sec. 5 of the Act of April 15, 1845, P. L. 459, " That the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer." The latter is a general law and applies to foreign attachment: Hamberger v. Marcus, 157 Pa. 133; Little v. Balliette, 9 Pa. Superior Ct. 411. It was under consideration in Firmstone v. Mack, 49 Pa. 387, where Chief Justice WOODWARD stated the question as follows: " The legislature having thus expressly withheld jurisdiction over the subject-matter, the only remaining question is, can the debtor confer it by agreeing in writing to waive all

objection to its exercise?" It was held that he could not. In a later case Justice STERRETT considered the act in connection with the Act of May 23, 1887, P. L. 164, and said: "It has been held that the exemption given by it cannot be waived, and that alderman and justices of the peace have no jurisdiction in attachment of wages, even upon a voluntary waiver by the party entitled to such exemption, because it would be against public policy to permit such waiver: Firmstone v. Mack, 49 Pa. 387. The exemption must therefore be regarded as grounded on public policy, looking to the protection of laborers and their families, even against their own voluntary acts:" Sweeny v. Hunter, 145 Pa. 363. In a still later case Justice McCOLLUM, citing Firmstone v. Mack, said that the exemption of the wages of labor was intended for the benefit of the debtor and his family and he cannot waive it: Steel v. McKerrihan, 172 Pa. 280. "The act of 1845 is frequently spoken of, for convenience' sake, as an exemption law, and in a sense it is such, but more broadly it is a law forbidding the taking of jurisdiction by attachment over the subject-matter. It was not intended to confer a personal privilege upon laborers merely, but was enacted for the protection of their employers as well. For this reason, as well as upon grounds of public policy, it was held that the laborer could not waive its provisions, and thereby subject his employer to the liability to the expense and annoyance of attachments:" Little v. Balliette, 9 Pa. Superior Ct. 411. A general and unqualified appearance is a waiver of defective service, and even non-service, of a regular writ, and of many other defects and irregularities affecting the notice or process necessary to obtain jurisdiction over the defendant. The cases cited by the appellant's counsel show that the general rule upon this subject has been strictly adhered to in foreign attachment. But none of these cases rules the precise question before us, which is, whether a general appearance precludes the defendant from demanding, in any mode, to have his wages or salary released from the attachment which was attempted to be laid upon them in violation of law. It is difficult to see how this question could be ruled in the affirmative, without conceding to the waiver implied from a general appearance an effect in avoidance of the clear inhibition of the act of 1845 which has been denied to an express waiver. Con-

struing the act in connection with sec. 64 of the act of 1836 we conclude, that while a general appearance precludes the defendant from afterward questioning the jurisdiction of the court to proceed in the action as if it had been commenced by summons duly served, it does not, of itself, deprive him of the right to have his wages or salary released from the lien, or pretended lien, of the attachment.

The order is affirmed, without prejudice, however, to the right of the plaintiff to proceed in the action as if it had been commenced by summons duly served; the costs of the appeal to be paid by appellant.