## Wile Bros. & Co. *v.* Levi Locks.    Appeal by Black & Meyer.

*Execution—Issue on question of distribution—Dispute—Fraud—Evidence —Acts of June 16, 1836, and April 20, 1846.*

Under the Acts of June 16, 1836, P. L. 777, and April 20, 1846, P. L. 411, regulating the granting of issues "where there shall be disputes concerning the distribution of money" arising from sales upon execution, an issue should not be granted on evidence so slight and insufficient that in case a verdict should be rendered thereon in favor of the petitioner the trial judge would be bound to set it aside.

Where there is on the one hand an ex parte affidavit of the petitioner averring his "belief," merely, that the judgment attacked was confessed for more money than was due with intent to defraud, and on the other hand an answer positively denying the allegations of fraud, and averring that there was a good and full consideration for the confession, it is the duty of the court to look into the depositions taken on the rule, and, if it appears therefrom that there is no fact in dispute requiring the framing of an issue, to refuse it.

Argued Oct. 25, 1898. Appeal, No. 64, Oct. T., 1898, by Black & Meyer, from order of C. P. Clearfield Co., Sept. T., 1897, No. 344, dismissing petition for a feigned issue. Before RICE, P. J., REEDER, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for feigned issue. Before GORDON, P. J.

It appears from the record that Wile Bros. & Co. had ob-

tained judgment for $2,940 against Levi Locks, and M. Rus-lander had obtained judgment for $840. Black & Meyer, the appellants, had obtained judgment for a balance of $977.97. Hershberg & Garson obtained judgment for a balance of $621.79. Executions were issued on the above judgments which rank in the order named. Petitions for feigned issues were made by Black & Meyer and Hershberg & Garson, rules granted on Wile Bros. & Co. and M. Ruslander, to show cause why the proceeds of sheriff's sale should not be paid into court, and feigned issues awarded, to determine the rights of the said Wile Bros. & Co. and M. Ruslander, to the proceeds of said sale. Upon these rules evidence was taken, and after hearing, feigned issues refused and rules discharged. Black & Meyer appealed.

*Errors assigned* were (1) in holding "that there is no evidence of fraud in the giving of the note in question." (2) In holding that the admissions of M. Wile, one of the plaintiffs, "were evidently made under a misapprehension of the facts, and were satisfactorily explained." (3) In refusing to hold that a question of fact was raised under the evidence as to taking judgment for more than was due, and was therefore fraudulent as to junior execution creditors. (4) In refusing to award the feigned issue, and discharging the rule for the same.

*J. C. Horton*, for appellant.—A judgment taken by confession for a sum greater than is due is prima facie fraudulent: Hieber & Co. v. Neary, 7 Dist. Rep. 596 ; Clark v. Douglass, 62 Pa. 408.

All questions of fraud in fact and fraudulent intent are for the jury: Vallance v. Ins. Co., 42 Pa. 441 ; Ehrisman v. Roberts, 68 Pa. 308.

*A. L. Cole*, with him *H. A. Moore*, for appellee.

OPINION BY RICE, P. J., January 18, 1899:

The defendant's goods were sold at sheriff's sale for the sum of $2,771.53 upon executions which came into the sheriff's hands in the following order: first, Wile Bros. & Co., $2,800, and an attorney's commission of $140 ; second, M. Ruslander, $800, including an attorney's commission of $40.00 ; third,

Black & Meyer, $1,379.97; fourth, Hershberger & Garson, $621.79. Black & Meyer petitioned the court to award a feigned issue between them and Wile Bros. & Co. to determine the validity of the latter's judgment. They alleged that the note with confession upon which it was entered, " was (as your petitioners believe and expect to prove) given for more than $2,000 over and above his indebtedness to the said Wile Bros. & Co., as fully appears by statement made by defendant Locks for your petitioners under date of July 17, 1897, only three days before the date of said note, and was given as your petitioners believe with intent, and for the purpose of hindering, delaying, cheating and defrauding the plaintiffs and other creditors of the said Levi Locks." A rule to show cause having been granted, an answer was filed on behalf of Wile Bros. & Co., denying the allegation of fraud, and alleging that the note was given for a good and full consideration. The petitioners then took the deposition of Meyer Wile, calling him as if under cross-examination. He testified that on July 20, 1897, the date of the giving of the note, Lochs's indebtedness to them for goods shipped to him from Buffalo was $2,273.54 with interest to be added from April 1, 1897, on goods shipped in 1896. Here the petitioners rested their case, and, it is to be noticed, without making the slightest attempt to sustain their allegation that the note was given for $2,000 more than was due.

There is, however, a discrepancy of over $500, and it is argued, that a judgment confessed by an insolvent debtor for a sum greater than is due is prima facie fraudulent. If the case had rested here there would be force in the appellant's contention that the question of fraudulent intent should have been submitted to a jury: Clark v. Douglass, 62 Pa. 408, 417. It must be noticed, however, that Meyer Wile was not present when the note was given, and that he was speaking particularly of the indebtedness for goods shipped from Buffalo. M. Huslander, who acted as their representative in securing the note from Locks, explains the transaction in this way: In addition to the sum above referred to for goods shipped from Buffalo, Locks was indebted in the sum of $350 to Economy Dry Goods and Clothing Co.'s store located at Du Bois in this state. This store is owned by plaintiffs, and Huslander was its manager and had authority to look after their business in that section. Locks

was also indebted to one Goldberg in the sum of $349, of which sum the latter turned over to Wile Bros. & Co. $250, which Huslander, acting for the latter, agreed to pay Goldberg. The note was given for these three amounts, and instead of being given for more than was due was actually given for less. There is no testimony either of a direct or of a circumstantial nature to cast doubt upon the truthfulness of this explanation. We have then on the one hand the ex parte affidavit of the petitioners averring their "belief," merely, that the note was given for more than was due with intent to defraud, and on the other hand an answer denying the allegations of the petition supported by the depositions taken on the rule. Such being the case the court was clearly justified in holding that there was not such a dispute as to any fact connected with the distribution as required the framing of an issue. That the court was justified in looking into the depositions and was not bound to treat a petition based merely on belief as conclusive is a proposition which needs no discussion. The practice in such cases was clearly laid down in the opinion of Judge ARNOLD, adopted by the Supreme Court in Moore v. Dunn, 147 Pa. 359, and it was followed in the present case. See also Hagy v. Poike, 160 Pa. 522.

A petition was presented by the appellees praying for the imposition of the penalty under the Act of May 19, 1897, P. L. 72, sec. 21, to which the appellants filed an answer. Upon due consideration of the matter we are not convinced that "the appeal was sued out merely for delay;" therefore the application is refused.

. The order is affirmed and the appeal dismissed at the costs of the appellants.