# Merchants and Traders Bank, Appellant, v. Gardner.

*Limited partnership association—Statement of claim—Promissory notes.*

In an action on a promissory note which shows on its face the name of a limited partnership association, and is signed by two individuals, one as secretary and the other as treasurer, and the object of the suit is to hold all the members of the association liable as general partners, it is not necessary to aver in the statement of claim that the defendants had not complied with the provisions of the Act of June 2, 1874, P. L. 271.

Argued March 7, 1906.   Appeal, No. 17, March T., 1906, by plaintiff, from judgment of C. P. Elk Co., Oct. T., 1903, No. 41, on verdict for defendants in case of Merchants & Traders Bank v. J. K. Gardner, A. M. McClain and George A. McClain, trading as the Gardner Shingle Company, Limited.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Assumpsit on a promissory note.

The opinion of the Superior Court states the case.

Verdict and judgment for defendants.   Plaintiffs appealed.

144 MERCHANTS & T'DERS BK., Appellant, *v.* GARDNER.

Assignment of Error—Opinion of the Court. [31 Pa. Superior Ct.

*Error assigned* was in giving binding instructions for defendants.

*Fred H. Ely*, for appellants.

*Harry Alvan Hall*, with him *W. W. Barbour* and *Eugene H. Baird*, for appellees.

OPINION BY MORRISON, J., May 23, 1906:

This is an action of assumpsit brought to recover on four certain promissory notes alleged to have been executed and delivered by the defendant partnership. The learned court gave a binding instruction in favor of the defendants.

The declaration is upon the notes and is against the defendants as general partners, and the only substantial difference between this case and the Chatham National Bank v. the same defendants in which we have this day filed an opinion reversing the judgment, etc., at ante page, 135, is that in the latter case the declaration set out the reasons why the defendants were liable as general partners and not as a limited partnership. This reason seems to have controlled the learned court below in holding in the present case that the defendants are a limited partnership organized under the act of June 2, 1874, and its supplements. The learned court said: "While this suit is brought against the defendants as general partners, there is no averment in the plaintiff's statement or amended statement that they did not comply with the provisions of June 2, 1874 and its supplements. Consequently there can be no recovery against them as general partners in this suit." The same learned judge had held in Chatham National Bank v. the same defendants, supra, that the defendants were liable as general partners because of the palpable defects in both statements in not sufficiently describing the property contributed by the partners, and because the amended statement was not signed as required by law. In that case we have held that this ruling is correct, and that the defendants, for the reasons stated by the learned court, are liable as general partners.

In the present case they were sued and declared against as general partners and, in our opinion, it was not necessary for the plaintiff to set out in the declaration the reasons why the

defendants were so liable. The form of the suit and the declaration gave them ample notice that the plaintiff was attempting to hold them as general partners, and that is all that was required. In addition, they pleaded to the declaration "non assumpsit," and went to trial on the merits. We are therefore of the opinion that the learned court clearly erred in holding that they were a limited partnership because there was no averment in the plaintiff's statement or amended statement that they did not comply with the provisions of the act of June 2, 1874, and its supplements.

In the opinion filed in Chatham National Bank v. the same defendants, supra, we have given reasons and cited authorities which we consider sufficient to warrant a recovery in the present case, and we intend that opinion to apply to this case, and, therefore, it is unnecessary to repeat what was there said.

The assignments of error in the two cases are similar, except the first and eleventh in the present case. The first assignment is: "The court erred in its answer to plaintiff's first point which point and answer is as follows:

"1. The statements filed by the Gardner Shingle Company, Limited, are insufficient to enable the defendants, A. M. McClain, George A. McClain and J. K. Gardner, to escape personal liability for the debts contracted by the defendants. Refused." Under the undisputed evidence we think this assignment must be sustained.

The eleventh assignment is: "The court erred in overruling plaintiff's objection and admitting testimony as follows:

"Q. (The four notes offered in evidence as the basis of this action shown witness.) Look those over, Mr. Gardner. State, Mr. Gardner, whether those notes were issued with your knowledge or consent as a member of the Gardner Shingle Company, Limited. Counsel for plaintiff objects as incompetent, irrelevant and immaterial. By the court: Objection overruled, evidence admitted, and bill sealed for plaintiff. C. A. Mayer, P. J. [Seal]. A. They certainly were not. I never saw them before. I don't know anything about them."

The four notes in the present case are precisely alike, except as to amounts and times of payment, and they are like the notes in Chatham National Bank case, ante, and we have there undertaken to show that the defendants were general partners

and that the notes were those of the firm, the Gardner Shingle Company, Limited, and that all three of the defendants are personally liable for the payment thereof. This being so it follows that the testimony quoted in the eleventh assignment was incompetent and immaterial, and it ought to have been excluded. The notes in suit were issued by two members of the firm, and were discounted by the plaintiff before maturity, and without notice of any defense whatever, and, therefore, it was no defense for Mr. Gardner to testify: "I never saw them before. I don't know anything about them." The eleventh assignment is sustained.

For the reasons given in Chatham National Bank all of the other assignments must be sustained.

In view of the fact that the plaintiff's case was made out by written and undisputed evidence, the learned court ought to have given a binding instruction in favor of the plaintiff. The law required this instruction from the court and a verdict in favor of the plaintiff for the full amount of its claim.

The learned counsel for the plaintiff contends that we should enter judgment in favor of the plaintiff for the amount of its claim, but the record is in no condition to do this. When the judgment is reversed, and the verdict for defendants set aside, there is nothing on the record upon which we can enter a final judgment. No question was reserved, and no motion was put upon the record as is provided by the Act of April 22, 1905, P. L. 286.

The judgment is reversed and a venire facias de novo awarded.