## National F. O. B. Auction Co. v. United Produce Co.

*Execution attachment — Rule to quash — Garnishee—Warrant to confess judgment—Corporation—Authority—Signature—Act of April 29, 1891.*

1. Where a judgment was confessed on a warrant, but the official position of the person signing it was blank, a garnishee's rule to quash an execution attachment was made absolute as the office of the person must appear to show his authority, otherwise the corporation is not bound.

2. Under the Act of April 29, 1891, P. L. 35, the garnishee has standing to move than the writ be quashed.

Motions to quash.  C. P. Allegheny Co., July T., 1925, No. 63.  Execution attachments *sur* judgments at July T., 1925, Nos. 31, 32 and 33.

Before Shafer, P. J., Douglass and Cohen, JJ.

*C. M. Murphy* and *Bialas & Ryan*, for plaintiff.

*R. T. M. McCready* and *John P. Egan*, for defendant.

SHAFER, P. J., May 9, 1925.—The garnishee in execution attachments filed at the above numbers and terms moves the court to quash the writ of execution attachment for the alleged reasons that the judgments upon which these writs were issued are void, being founded upon warrants of attorney which are not sufficient to authorize their entry.  The warrant of attorney upon which these judgments are entered, according to the copy of it annexed to the declaration, is blank after the signature of the acceptor, the acceptance being signed "United Prod. Co., By P. L. Descalzi," after which there is written, "The acceptor hereby waives the benefit of all exemption laws of any state or nation," and also authorizes any attorney in any court of record anywhere to appear for him or them and to confess judgment against the acceptor for the within sum, and this appears to be signed "United Prod. Co."  The declaration designates the United Produce Company as a corporation.  It is alleged not to be such; but if it is, it is necessary to the validity of a judgment founded on such a warrant that the authority of the person purporting to sign for the corporation, or his connection with the company, should appear.  If the corporation is to be held to a waiver of the benefit of the exemption laws and with authority to enter and confess a judgment against it, it should appear to have been executed by officers having an apparent authority to bind it: Hamborsky *v.* Magyar Presbyterian Church, 78 Pa. Superior Ct. 519.

That the garnishee has standing to move that the writs be quashed appears by the Act of April 29, 1891, P. L. 35: Com. *v.* Burns, 14 Pa. Superior Ct. 248.

We are, therefore, of opinion that the rules to quash the writs of attachment in these three cases should be made absolute.  The rule in each of the above entitled cases is, therefore, made absolute and separate order to be drawn in each case.                       From William J. Aiken, Pittsburgh, Pa.