Morris Lumber Company, Inc., v. Harrington. No. 2.

*Van Scoten & Little*, for plaintiff; *F. A. & E. L. Davies*, for defendant.

SMITH, P. J., March 4, 1929.—The above proceedings are on an interpleader, the rule for which was granted upon petition of the sheriff of this county Dec. 22, 1928, because of the claim of ownership of a certain sawmill levied upon by him Nov. 21, 1928, by virtue of an execution in which the above defendant, W. A. Harrington, is the plaintiff and George Mansfield and G. E. Morris are defendants.

Due notice of the rule having been served upon all proper parties, Jan. 2, 1929, exceptions to the rule were filed by the above plaintiff, the Morris Lumber Company, claiming ownership of the mill, and we fixed a date for hearing thereon, as we determined was required by the provisions of the amended Interpleader Act of May 2, 1923, P. L. 346, by opinion filed in these proceedings Feb. 1, 1929, and to which we refer for discussion and authority in support of our action in the premises.

Of this hearing, fixed for Feb. 9, 1929, at 9 o'clock A. M., due notice was had by all parties interested, none of whom appeared either in person or by attorney, except the claimant, the Morris Lumber Company, generally, and T. A. Doherty as attorney for W. A. Harrington, the latter only *de bene esse* to object to the hearing, after which he retired; for these matters of appearance and default, we refer to the notations on pages 3 and 4 of the Transcript of Evidence. Consequently, evidence was taken upon the part of the Morris Lumber Company only *ex parte*. Concerning this, we shall first note our rulings as to its relevancy, materiality and competency—which were necessarily made of our own motion, as is our duty where *ex parte* proceedings are had. We are now of the opinion that some we then rejected should have been allowed.

The oral evidence introduced to support claimant's title consists chiefly of the testimony of F. B. Klinetob, its president, who relates the occasion and circumstances of the alleged purchase of this mill from one Frank Major by the lumber company, through which the latter claims to have acquired title thereto; that the deal, by conversation over the telephone between this wit-

ness and Mr. Major, was finally concluded on April 13, 1927, at the office of the witness at Wyoming, Pa., in connection with a purchase and sale of timber between the same parties at the same time; that such lumber agreement was reduced to writing and signed, and a copy thereof as plaintiff's Exhibit 2 is attached to the Transcript of Evidence, pages 23, etc.; that the purchase price, although not recited in the contract, was $13,500, which included the price of this mill in question, "the sawed lumber and all the tools." The mill, tools, etc., are likewise not mentioned in the contract of April 13, 1927, but this oral testimony entitles it to admission in evidence as one feature of an entire transaction, partly in writing—the contract as to timber, etc.—and partly parol—inclusion of the mill—and as corroboration of the witness.

Next referring to the contract, plaintiff's Exhibit 6, we find that while designated in the testimony as a "lease," it is more properly a contract of *hiring* by the Morris Lumber Company of George Mansfield, in which the latter, for stated compensation, agrees to render certain services to the company, including the placing and operation of a sawmill on a timber tract in Dimock Township. It having been testified that this George Mansfield is the same person as one of the defendants in the execution under which the levy upon and seizure of the mill was made by the sheriff, and the mill the same as that levied upon, this contract, Exhibit 6, is made competent and material evidence in the present inquiry, and we treat it as such. His identity and that of the mill being proven, the recitals in this contract as to the compensation to be paid by him to the Morris Lumber Company for the use of the mill by him in sawing are a recognition of the lumber company's ownership of it, and in negation of any claim of ownership thereto by him, and are some corroboration of the oral testimony of its original purchase from Major by the company, and to that extent are considered by us as evidence.

The bill of sale to the lumber company for a sawmill, Exhibit 3, which was signed by Frank Major, and witnessed by G. J. Clark, was not admissible, because, although bearing date of April 13, 1927, the same as Exhibit 2, it appears, as testified to by Mr. Clark (Exhibit 11), to have been actually executed "about the first of January of the present year" (1929), after the execution in the present proceedings *exit*, which therefore antedated it, and we exclude it from our consideration.

That security was given and a part payment in cash was made on the $13,500 purchase price, and that the portion so secured was afterwards paid by the lumber company to Major, is supported by the oral and documentary evidence.

In view of the affirmative uncontradicted evidence furnished on the part of the Morris Lumber Company, plaintiff, with no evidence produced *contra*, the facts thus proven "are undisputed and the inferences to be deduced therefrom clear and unconflicting," in which case the authority of Com. v. Burns, 14 Pa. Superior Ct. 248, 257, admonishes us that "the question of title becomes one of law and is to be passed upon by the court," and it is added to the foregoing quotation, in Gillespie *v.* Agnew, 22 Pa. Superior Ct. 557: "If the facts are disputed, the parties are entitled to an issue," *i. e.*, interpleader.

The first quotation is a statement in another form of the principle that "where the plaintiff's case is made out by undisputed evidence, it is the duty of the court to give binding instructions in his favor:" Merchants Bank *v.* Gardner, 31 Pa. Superior Ct. 143; Wannamaker *v.* Burke, 111 Pa. 423.

An issue in interpleader, such as is prayed for in the case at bar, belongs to the class of "feigned issues," and it is the duty of the court to look into the deposition taken on the rule, and if it appears therefrom there is no fact in

dispute requiring the framing of an issue, to refuse it: Wile Bros. & Co. *v.* Locks, 9 Pa. Superior Ct. 193.

With reference to the attitude of the sheriff, plaintiff in the execution and the defendant therein at the hearing, and the tact of cross-examination of plaintiff's witnesses or evidence on part of the respondent or defendant at bar, the decision of Moore *v.* Dunn, 147 Pa. 359, is particularly forceful of citation here.

We are, therefore, forced to the conclusion that in view of the evidence produced by the plaintiff under the conditions we have referred to and fully discussed, the rule for interpleader should be discharged. Therefore,

And now, to wit, March 4, 1929, exceptions filed by the Morris Lumber Company, plaintiff, are sustained, rule for interpleader discharged, and the Sheriff of Susquehanna County is directed to surrender to said lumber company possession and custody of the sawmill levied upon by him Nov. 21, 1928, by virtue of an execution in which W. A. Harrington is plaintiff and George Mansfield and G. E. Morris are defendants (Com. *v.* Burns, 14 Pa. Superior Ct. 248). Exceptions noted and bill sealed for G. M. Darrow, sheriff and all parties in adverse relation to the Morris Lumber Company in these proceedings.                                        From Gerritt E. Gardner, Montrose, Pa.