## H. F. Watson Co., Inc., Appellant, v. Christ.

*Wages—Attachment execution—Exemption from attachment.*

Where a person is employed to superintend the construction of a coal breaker at a compensation of five dollars per day and ten per cent. of the amount of the pay roll of all employees engaged in the construction of the breaker, and it appears that his work is partly mental in planning the structure and partly manual, and that he did not employ or pay the workmen, all of his compensation, both wages and commission is exempt from attachment by virtue of the Act of April 15, 1845, Sec. 5, P. L. 460.

Argued Dec. 7, 1915. Appeal, No. 173, Oct. T., 1915, by plaintiff, from order of C. P. Schuylkill Co., March T., 1915, No. 201, dissolving attachment execution in case of H. F. Watson Co., Inc., v. George M. Christ. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Rule to dissolve attachment execution. Before BRUMM, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order dissolving the attachment.

*S. M. Enterline,* of *Enterline & Enterline,* for appellant.—It was error to dissolve the attachment: Smith v. Brooke, 49 Pa. 147; Darlington v. Watson, 49 Pa. Superior Ct. 611; Heebner v. Chave, 5 Pa. 115; Hamberger v. Marcus, 157 Pa. 133; Hartman v. Mitzel, 8 Pa. Superior Ct. 22; O'Neill v. Beasley, 17 Dist. 153.

*T. H. B. Lyon,* for appellee, cited: Hamburger v. Marcus, 157 Pa. 133; Hartman v. Mitzel, 8 Pa. Superior Ct. 22.

OPINION BY RICE, P. J., April 17, 1916:

The defendant was employed by the East Bear Ridge Coal Company, the garnishee, in and about the erection of a coal breaker by the latter. In the regular course of his employment he assisted in planning the structure, and in conjunction with the president of the company, made modifications in the plans as the work progressed. In addition, he laid out the work (in which he did some manual labor, as, for example, measuring and marking the timber for guidance in framing) and directed and supervised the execution of it by the other workmen, he rendering such assistance from time to time as the interest or the direction of his employer required. The agreed compensation for all his services of every kind, whether involving physical or mental effort, was $5.00 a day and 10% of the amount of the pay roll of all employees engaged in the construction of the breaker. The question for decision is whether the money thus earned by the defendant was immune from attachment under the provision of the Act of April 15, 1845, Sec. 5, P. L. 460, which reads: "The wages of any laborers, or salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer."

The defendant was not an independent contractor, but was an employee, and so far as the nature of the personal

services rendered by him is concerned, the employment was within the true intent and meaning of the act. See Hartman v. Mitzell, 8 Superior Court 22, and cases there cited. This is not disputed. But it is claimed that the agreed compensation, so far as it embraced 10% of the amount of the pay roll, is without the protection of the statute, because this, in the words of appellant's counsel, "was a profit on the labor of others," and therefore within the principle decided in Smith v. Brooke, 49 Pa. 147. In pointing out the differences in controlling facts between that case and the present, the learned judge below has satisfactorily disposed of this contention. He says: "In that case, the master-carpenter received from his employer for the labor of his hands (or workmen), more than the wages paid by him to them. The profits on labor thus received, are not exempt from attachment. In the case at bar, Christ was not to receive any part of the wages paid by the employer of Christ, nor did Christ employ any of the workmen, except under the direction of Mr. James, superintendent of the East Bear Ridge Coal Company. He did not keep their time, nor did they receive their pay from him; therefore he made no profit on their wages, although ten (10%) per cent. of the aggregate amount earned by all of them was the basis of part payment of Christ's salary, which did in no way affect the amount of wages paid to the other employees, at the erection of said breaker." It is what the employer owes his employee for personal services rendered in that relation which is exempt from attachment in the hands of the employer and it matters not whether it is called wages or salary: Hamberger v. Marcus, 157 Pa. 133. Here the debt sought to be attached consisted exclusively of money due the defendant for his own personal services as an employee; and it is clear both upon principle and authority that the mode agreed upon for graduating his compensation for those services did not deprive his earnings of the protection of the statute. See Hamberger v. Marcus, supra.

The order is affirmed.