# Diamond City Beef P. & P. Co., Appellant, v. Murdoch-James Co. et al.

*Contract—Sales—Warranty—Act of May 19, 1915, P. L. 543.*

1. Under section 69 of the Sales Act of May 19, 1915, P. L. 543, 563, one who purchases and receives goods, the quality of which has been warranted by the seller, may retain them and sue for damages for breach of the warranty, if they do not comply therewith.

*Foreign attachment—Amendment—Affidavit of cause of action —Appeals—Dissolution—Appearance—Appeal—Review.*

2. Upon plaintiff's appeal, alleging error in dissolving a foreign attachment, defendant cannot be heard to object to the earlier action of the court below in allowing an amendment to the affidavit of cause of action.

3. Where an attachment is good for any amount, the court should not order it to be dissolved in whole or in part.

4. A garnishee who has more money in his hands than is necessary to meet plaintiff's claim, is not legally required to retain the whole thereof until the suit is ended.

5. A defendant in foreign attachment may appear to the action and dissolve it by entering security in such sum or by making deposit in such amount as the court below shall decide is sufficient to protect plaintiff's claim, or may appear and defend without dissolving the attachment.

Argued April 11, 1921. Appeal, No. 71, Jan. T., 1921, by plaintiff, from order of C. P. Luzerne Co., Jan. T., 1920, No. 56, making absolute rule to quash foreign attachment, in case of Diamond City Beef Packing & Provision Co. v. Murdoch-James Co., Inc., Second National Bank, Garnishee. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Rule to quash foreign attachment. Before WOODWARD, J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute. Plaintiff appealed.

*Error assigned* was above order, quoting record.

*Charles M. Bowman,* with him *Reynolds & Reynolds,* for appellant, cited: Keystone Mausoleum Co. v. Salzman, 72 Pa. Superior Ct. 437; Griswold v. Gebbie, 126 Pa. 353; Hauptman v. Penna. Home for Blind Men of Phila., 258 Pa. 427; Cheseborough v. Dodd, 2 W. N. C. 126.

*B. R. Jones,* for appellee, cited: Ogden v. Beatty, 137 Pa. 197; Weed & Co. v. Weinberger, 12 Pa. Superior Ct. 12; Gausler v. Bridges, 13 Pa. Superior Ct. 646.

OPINION BY MR. JUSTICE SIMPSON, May 9, 1921:

Plaintiff appeals from an order of the court below quashing its writ of foreign attachment, because, as was alleged, the statement of claim, which was filed and accepted as an affidavit of cause of action, was indefinite, vague and evasive. Other grounds were specified in the motion to quash, but they were cured by amendment, duly allowed, and appellee's counsel frankly admitted at bar that the allowance thereof could not be reviewed on this appeal.

The facts set forth in the affidavit, which must be taken as true in considering the present question, are these: Defendant sent to plaintiff a circular offering to sell Phillipine Raw Light Brown Sugar, "packed in 70 lb. wicker bags," alleging it was "unsurpassed for manufacturing and general purposes" and that though "a percentage of this sugar is slightly warehouse har-set this in no way detracts from the true quality which is absolutely guaranteed"; the price to be thirteen cents a pound f. o. b. New York, of which three cents a pound was to be paid when the order was given, and balance on presentation of sight draft attached to bill of lading. Plaintiff ordered 100 bags on these terms, and forwarded the advance payment as required. When the sugar reached its destination, and was still in the possession of the carrier, plaintiff paid the sight draft and received the bill of lading; but, upon examination, the sugar was found to be 1237 pounds less in weight than the quantity for which plaintiff had paid, and of an entirely different quality from that which it was guaranteed to be, the contents of each bag being "in a solid lump like a stone," caused by its having been "thoroughly saturated with salt water," making it "wet or salvage sugar," "the very poorest quality of sugar then upon

the market," and of a "market value of only six cents a
pound, of which the defendant well knew"; its purpose
being to "defraud plaintiff herein until the sight draft
had been paid and the bill of lading taken out." On
learning of the breach of the warranty, plaintiff at once
issued the foreign attachment in this case, and tele-
graphed defendant for instructions regarding the dis-
position of the sugar. To this no reply was made; but
the garnishee ruled plaintiff to file an affidavit of its
cause of action, which was done in the way stated, set-
ting forth, inter alia, the above facts, and claiming for
the overpayment of $160.81 due to the deficiency in
weight, and also $2,453.92, being the difference between
the contract price paid and the market value of the sugar
in the condition in which it in fact was. In this state of
the record the rule to dissolve was taken and made ab-
solute.

Assuming the above averments to be true, plaintiff
was entitled to recover at least the amount which it had
overpaid, and for this reason alone the order appealed
from would have to be reversed. On this point the
theory of the court below was that as plaintiff purchased
and received a stated number of bags of sugar, it cannot
complain. The fact stated is true; but it is averred
plaintiff was only to pay for the quantity of sugar in the
bags, at a stated price per pound; whereas, before the
sugar was delivered it was compelled to pay for the ex-
cess quantity also. On principle the view taken below,
if correct, would have defeated plaintiff's attachment
no matter how little sugar there was in each bag.

Plaintiff, however, is also entitled to maintain its
action for the difference between the amount paid and
the actual market value of the sugar received. There
being an express guaranty, it was entitled, under section
69 of the Sales Act of May 19, 1915, P. L. 543, 563, to
"accept or keep the goods and maintain an action against
the seller for damages for breach of warranty." This it
has done and is now doing; for, though its original tele-

gram suggested a possibility of returning the sugar, defendant did not take up with this proposition, and cannot now claim any right accruing because thereof. No more efficacious proof could be made of an intention to keep the goods than the statement of claim which seeks to recover only the difference in price.

It is suggested by appellee, that even if we reverse the court below on the points already considered, we should order the attachment "to be dissolved to the extent of $1,942.55," this being the difference between the amount paid on the draft and that claimed in the statement. This, however, is a matter for the parties rather than the court. If the garnishee has in its hands more money than is necessary to meet plaintiff's claim, it is not required to hold the entire amount, but may voluntarily pay the surplus to defendant. If it is not willing to do this, defendant has the right to enter an appearance (which is the primary purpose of the attachment), and then, under section 62 of the Act of June 13, 1836, P. L. 568, 583, to dissolve the attachment by entering security in such a sum, or by making deposit in such an amount, as the court below shall decide is sufficient to protect plaintiff in its claim; after which the suit will proceed in due course as in actions commenced by summons (Bergman v. Straus, 264 Pa. 439); or defendant may appear and defend, without dissolving the attachment, as provided by section 64 of the same act.

The order of the court below dissolving the foreign attachment is reversed, and the record is remitted with a procedendo.