## Danziger, Appellant, *v.* Ferber.

*Master and servant — Wages — Attachment — Act of April 15, 1845, P. L. 459—Salary—Accumulations—Bonus.*

1. The protection afforded by the Act of April 18, 1845, P. L. 460, is not lost because wages were not paid by an employer when due, but were permitted to accumulate in his hands.

2. Wages which are prevented from being paid over to an employee, by reason of service of an attachment, are exempt.

3. Where an employee was to receive a bonus in addition to wages, conditioned upon his being alive at the time of the termination of the current term of the agreement of employment, such bonus could not be attached until the term was ended, even if otherwise attachable.

4. The terms wages and salary, exempt from attachment, include all money paid for personal services, whether in the form of regular payments or in the form of bonus or commissions, where there is no element of direct profit on the labor of others.

194      DANZIGER, Appellant, *v.* FERBER.

Argued October 11, 1921.   Appeal, No. 81, Oct. T., 1921, by plaintiff, from order of C. P. Allegheny Co., July T., 1920, No. 2393, making absolute rule to dissolve attachment, in case of Ed. Danziger v. Louis Ferber.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Rule to dissolve attachment.   Before HAYMAKER and KLINE, JJ.

The opinion of the Supreme Court states the facts.
Rule absolute.   Plaintiff appealed.

*Error assigned* was order, quoting it.

*Robbin B. Wolf,* of *McCreery & Wolf,* for appellant.— The order of the court below gave to the Act of 1845 an interpretation broader than the facts warranted.   The act is class legislation, to be strictly construed and it must not be construed so as to permit the employer to serve as banker for his employee and thus, consciously or unconsciously, to defeat the ends of justice.

The bonus in the case at bar is neither salary nor wages so as to come within the exemption: O'Neill v. Beasley, 17 Pa. Dist. R. 153; Smith v. Brooke, 49 Pa. 147.

*Harry Weisberger,* with him *Meredith R. Marshall* and *Rody P. Marshall,* for appellee.—The money due defendant from his employer, the garnishee, being due him as wages or salary, for personal services rendered, is not attachable: Hamberger v. Marcus, 157 Pa. 133; Watson v. Christ, 62 Pa. Superior Ct. 604; Penna. Coal Co. v. Costello, 33 Pa. 241; Hartman v. Mitzel, 8 Pa. Superior Ct. 22.

OPINION BY MR. JUSTICE FRAZER, January 3, 1922:
Plaintiff obtained judgment against defendant under which he attached funds in the hands of defendant's em-

ployer, the owner of a large department store in the City of Pittsburgh. The latter admitted a stated amount due as installments of salary, also an amount to become due as a bonus. The court below, after argument, dissolved the attachment, and plaintiff appealed.

Plaintiff does not seriously contend that the salary as such was not exempt from attachment under the Act of April 15, 1845, P. L. 459, arguing, however, that the protection of the act was lost because the wages were not paid when due but were permitted to accumulate in the hands of the employer. This contention cannot be sustained. The contract of employment provided defendant should give his services exclusively to his employer, begin work August 1, 1918, and receive an annual salary of $7,500, to be paid in equal monthly installments of $625, beginning September 1, 1918. Payment was thus made on the first day of each month for services rendered during the preceding month. The attachment was served on the employer the last day of June, 1920. On that date defendant had earned his salary for the month of June and the sum of $625 would, in the usual course, have been paid him the next day, had the attachment not been served. Answers to the interrogatories were filed July 30, 1920, in which it was stated, inter alia, that, at the time of the service of the writ, there was due defendant by the garnishee the sum of $625 as salary, and since the service of the writ defendant "has earned an additional month's salary." Apparently this refers to the salary earned during the months of June and July. If so, there is no foundation for the contention that the money was permitted to accumulate in the hands of the employer after becoming due. Payment of the amounts when due was prevented by the attachment. If, however, we construe the answer as referring to the installments due for the months of May and June there is nothing in the Act of 1845, nor in the facts of this case, warranting us in depriving defendant of the benefit of its provisions,

merely because of payment being thirty days overdue at the time the attachment was served.

With respect to the item of bonus the contract contains a.clause which provides that if the employee should perform all the covenants and duties required of him under his contract, of employment and if the total net sales in the department under his charge for the fiscal year, ending February 1, 1920, yield a stated gross profit and the inventory of stock on hand in that department did not exceed a certain percentage of the sales for the preceding year, then defendant should receive a bonus of a fixed percentage based on excess sales. There was also a further provision that the death of the employee "prior to the termination of this agreement shall terminate this agreement and in such case the monthly installment of salary received prior thereto......shall be considered payment in full of all claims......under this agreement." From the foregoing it follows that the bonus was not, in fact, due and payable absolutely at the time the writ was served, but was conditional upon the employee being alive at the time of the termination of the current term of the agreement, which was apparently February 1, 1921.

The remaining question requiring consideration is whether the bonus should be treated as wages and exempt as such under the Act of 1845. This question has already been decided in the affirmative by earlier decisions of this court. The terms "wages" and "salary," under the Act of 1845, have been construed to include all money paid for personal services, whether in the form of regular payments, or in the form of commissions, or in some other manner which makes the amount and time of payment depend upon the extent of services rendered the employer. "All laborers employed by the persons or companies referred to in the act are entitled to its benefits, whether the wages agreed to be paid them are measured by time, or by the ton, or by the piece, or any other standard": Seider's App., 46 Pa. 57. In Ham-

berger v. Marcus, 157 Pa. 133, 137, this court said: "It is what the employer owes, his employee, for personal services rendered in that relation, which is exempt from attachment in the hands of the employer, and it matters not whether it is called wages or salary." The latter case held commissions paid a traveling salesman were exempt. In Watson Co. v. Christ, 62 Pa. Superior Ct. 604, compensation based on a percentage of the payroll of employees was held within the protection of the statute. In the present case we find no element of direct profit on the labor of others, as in Smith v. Brooke, 49 Pa. 147, cited by appellant. In that case a mechanic employed laborers and received from his employer for their services more than he actually paid them. Here defendant was merely manager of a department of his employer's mercantile business; did not hire others on his own account and received no part of the wages paid them. The bonus was clearly part of his compensation for services as such manager, and within the terms of the act.

The judgment is affirmed.