McCloskey et al. *v.* Northdale Woolen Mills et al.,
Appellant.

Argued February 5, 1929.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*William C. Alexander,* for appellant.—The money could not be attached: Firmstone v. Mack, 49 Pa. 387; Sweeney v. Hunter, 145 Pa. 363; Penna. Coal Co. v. Costello, 33 Pa. 241; H. F. Watson Co. v. Christ, 62 Pa. Superior Ct. 604; Hamberger v. Marcus, 157 Pa. 133; Danzinger v. Ferber, 272 Pa. 193.

*G. C. Ladner,* of *Ladner & Ladner,* with him *H. Crowell Pepper,* for appellee.—The money was attachable: Danzinger v. Ferber, 272 Pa. 197; Hamberger v. Marcus, 157 Pa. 133; Hartman v. Mitzel, 8 Pa. Superior Ct. 22; Smith v. Brooke, 49 Pa. 147; Com. v. Stambaugh, 22 Pa. Superior Ct. 386; Carey v. Lameroux, 22 Pa. Superior Ct. 560; Penna. Coal Co. v. Costello, 33 Pa. 241; Pasquinelli v. Mfg. Co., 272 Pa. 468.

OPINION BY MR. JUSTICE SADLER, March 18, 1929:

Plaintiffs, claiming to be creditors of the Northdale Woolen Mills and Schwarz, defendants, issued a writ of foreign attachment seizing certain funds alleged to be due the latter by the Yorkshire Worsted Mills. The garnishee appeared specially for the purpose of quashing or

dissolving the writ, as was its right: Turner v. Larkin, 12 Pa. Superior Ct. 284. Indeed, it was its duty to protect the interests of the defendant, having been summoned as a party to the litigation: Keystone Brewing Co. v. Canavan, 221 Pa. 366. It is unnecessary to discuss whether a proceeding to quash the writ because of irregularities apparent on the face of the record should have been instituted, or a dissolution asked because it appeared that the claim was unenforceable under the circumstances appearing. The distinctive procedure, applicable in different cases, has been so carefully discussed in a recent opinion by the present Chief Justice (Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468), that reference to that decision will suffice. In any event, whether the motion should have been for both purposes suggested is immaterial, since, by stipulation filed, the court was asked to dispose of the fundamental question involved.

It may be noted that where the record discloses no collectible claim, the writ is properly dissolved (Pasquinelli v. Gross, 74 Pa. Superior Ct. 296), as is so where bond is given as permitted by Act of Assembly (Bergman v. Straus, 264 Pa. 439), and, in such cases, a motion to quash is inappropriate. Prior to 1917, in either case the record as made up alone controlled the scope of review, and, since there was a presumption of regularity, the action of the court below was not the subject of reconsideration, except where abuse of its power was made to appear: Brown v. Ridgway, 10 Pa. 42; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187; Turner v. Larkin, supra. In that year, a "right to appeal from decrees on motions to quash or dissolve writs of foreign attachment" was granted (Act April 26, 1917, P. L. 102), and by a later statute (April 18, 1919, P. L. 72), the appellate court is required to consider the evidence taken and the opinion of the court below, which are made a part of the record. The effect of this legislation has been con-

sidered in the case before referred to: Pasquinelli v. Southern Macaroni Mfg. Co., supra.

The moneys here sought to be seized were commissions payable to defendant under a contract with the garnishee, dated July 1, 1927, extending for six months, with provision for renewal. Under its terms, Schwarz was made "representative and selling agent" of the Yorkshire Woolen Mills. He was to open and conduct an office, with the necessary staff, in New York, paying the ordinary expenses, as well as assuming the liability of pay for salesmen whom he might employ. His compensation was fixed at two per cent of sales made as a result of orders sent by him, and a like payment was stipulated for contracts made with other customers of the garnishee, whom he did not solicit or secure,—in certain instances, however, his recompense was limited to one per . cent,—but his commissions were payable whether goods were sold directly by him or without his intervention. An accounting for gross sales to all parties was made to him, and the amounts payable determined on the basis of all consummated transactions. Schwarz opened his office, secured his own employees, and paid the costs incurred. His letterheads showed his place of business to be in four cities, and that he was "manufacturer and commission agent of woolens and worsteds," and a member of "The American Association of Woolen and Worsted Manufacturers." The sign on his office door disclosed that he represented three corporations, the garnishee, the Quinapoxet Mills and the Northdale Woolen Mills; the claim of plaintiff arose as a result of Schwarz's transactions with the corporation last named. It had been agreed with the garnishee that he would give up his business connection with the other companies within six months after the making of the contract of July 1, 1927, and thereafter he severed his relations with them.

The decree now complained of was a refusal to quash or dissolve the attachment of sums due by the Yorkshire

Worsted Mills, garnishee, for services performed under its contract with Schwarz. It was claimed that the amount owing represented wages or salary, and therefore could not be seized. The Act of 1845 (P. L. 460, section 5, amending the Act of June 15, 1836, P. L. 755) provides that "the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer," a privilege which cannot be waived: Box Board Co. v. Rossiter, 30 Pa. Superior Ct. 23. A preference has also been granted to certain employees by the Acts of 1849 (April 2d, P. L. 835) and 1872 (April 9th, P. L. 47), and decisions are to be found construing the meaning of the word "laborer" as used in the statutes last mentioned: Seiders's App., 46 Pa. 57; Firmstone v. Mack, 49 Pa. 367; Wentroth's App., 3 W. N. C. 248.

The legislative class intended to be protected by the Act of 1845 has also been the subject of frequent consideration. Whether the compensation be called "wages" or "salary" is immaterial: Com. ex rel. Wolfe v. Butler, 99 Pa. 535. It was intended to cover amounts due for mental or manual labor expended: Watson Co. v. Christ, 62 Pa. Superior Ct. 604; Hartman v. Mitzel, 8 Pa. Superior Ct. 22. It included wages due (Catlin v. Ensign, 29 Pa. 264), though the employee was compelled to pay expenses from the sum received (Pa. Coal Co. v. Costello, 33 Pa. 241), as well as commissions collectible for services performed, such as those incurred by the ordinary salesman (Hamberger v. Marcus, 157 Pa. 133), or wages and commissions (Watson Co. v. Christ, supra), and cases where a bonus was added if employment was continued for a definite period: Danziger v. Ferber, 272 Pa. 193. So it has been held that the class covers the ordinary commission merchant, who receives goods into his possession for sale, receiving a percentage for his personal service, and such compensation is protected by the act: Hamberger v. Marcus, supra, page 139.

The present case does not come within any of the situations mentioned. Schwarz did not receive goods and resell the same for a share of the price, but solicited only orders which were filled by the manufacturer directly from his mill. He was entitled to pay, under his contract, not only for what he did himself, but for goods sold directly by the garnishee to others without any service performed by him. Further, he received two per cent commission on orders he actually secured through his own employees with whom he made individual arrangements for adequate compensation. In both of the instances mentioned he acquired the right to pay, not for any personal service of his own, but for profit not arising from individual endeavor. As said by the court below: "There appears in the case, the element of profit on the services of others. If this is proven at the trial, then at least that part of the fund due may be attachable, and as we cannot determine, from the evidence submitted, just what part is for wages or salary, as defined by the decisions, as distinguished from profit on the services of others, we cannot quash or dissolve the attachment."

It is clear that the case does not come within the Act of 1845, if the fund is, in whole or part, not recompense payable as the result of personal effort; the statute refers merely to compensation for defendant's manual or mental service: Hamberger v. Marcus, supra; Smith v. Brooke, 49 Pa. 147; Heebner v. Chave, 5 Pa. 115. Where part of the amount comes within one class, and part within the other, the attachment should not be dissolved: Diamond City Co. v. Murdoch-James Co., 270 Pa. 455. "In such case the proper course is to require more specific answers or to direct an issue for the ascertainment of the particular facts. In this way the debtor, the creditor and the garnishee may be protected in the enjoyment of their respective rights in relation to the matter under investigation": Hamberger v. Marcus, supra, page 139.

It is unnecessary to determine in the present proceeding whether Schwarz is to be treated as a factor or broker, or commission merchant, and comes within the protection afforded by the Act of 1845. As to the two classes first mentioned, it has been suggested the statute has no application (Hamberger v. Marcus, supra, page 139), and that is the contention of the present plaintiff. The effect of the relation of the parties here, and whether the recompense provided by the contract constitutes "wages or salary" need not, however, be now considered, for the attachment cannot be dissolved for the reasons heretofore stated. What may subsequently appear when the facts are fully developed, and whether the recompense is of the character entitled to legislative protection as against attaching creditors, can be then determined.

The order and decree is affirmed at the cost of appellant.