## Integrity Trust Co. v. Taylor et al. No. 1

*John Stokes Adams*, for plaintiff; *Francis Shunk Brown*, for defendant.
*Wolf, Block, Schorr & Solis-Cohen*, for garnishee.

*John Stokes Adams*, for plaintiff; *Francis Shunk Brown*, for defendant.
*Wolf, Block, Schorr & Solis-Cohen*, for garnishee.

PARRY, J., March 10, 1933.—In the present action judgment was entered against the defendant, Taylor, and shortly thereafter an attachment execution was served on the Stanley Company as garnishee. The case came before us on a motion to quash or dissolve the attachment and we held that the writ could not be quashed as no irregularities appeared on the face of the record; that the application to dissolve was premature, no interrogatories or answers thereto having been filed, so we continued the rule: Integrity Trust Co. *v.* Taylor et al. (No. 1), 17 D. & C. 721.

The answers to the interrogatories are now before us, and it appears that in May, 1917, the defendant entered into a written contract of employment with the garnishee's predecessor to act as general manager of certain moving picture theatres at a salary of $22,500 a year, payable monthly, for a period of ten years. In 1924 the garnishee, Stanley Company, leased the theatres for a period ending in 1945 and assumed Taylor's contract, which, upon its expiration, it agreed to extend for the balance of the term.

In November, 1929, Stanley Company unsuccessfully attempted to dispense with Taylor's services (see Taylor *v.* Stanley Co. of America, 305 Pa. 546), but

722

has since then been paying to him the salary of $1875 per month as provided by the contract. It has not, however, given him any work to do, although he stands ready and willing to perform the services contracted for.

It appears to be conceded that if the sums payable under the contract are to be considered as salary, the case falls within the exemption of the Act of April 15, 1845, P. L. 459, Sec. 5, but the plaintiff contends that the monthly payments here in question cannot be considered as salary because no service is at present being rendered in return therefor. It appears to us that this distinction is somewhat refined. It is not pretended that the payments made to this defendant under this contract for upwards of twelve years could be regarded as anything but salary, but it is urged that they cease to be salary because for the time being the garnishee fails or refuses to give the defendant any work to do.

Now the defendant must hold himself in readiness to perform the duties he undertook, subject to the contract provision that incapacity of the defendant for less than a year shall be allowed, for the employer, though failing at present to make avail of Taylor's services, may at any moment require him to work. To adopt the plaintiff's argument would require us to hold that the salary which would have to be paid during a period of incapacity not exceeding a year would be subject to attachment, while the salary paid him both before and after such a period would be exempt.

To hold that payments from an employer to an employe under a contract of employment are to be considered as wages or salary only for so much of the time as the employe may actually be at work would, it seems to us, be a strained construction and commit the subject to confusing controversies.

We hold then that the sums attached are to be considered salary and the rule to dissolve must be made absolute, for, since the property attached falls within the exemption, one of the statutory props required to sustain the attachment is missing: Danziger v. Ferber, 272 Pa. 193; Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468.