## The Ellis Building & Loan Association v. Gross et al.

*Benjamin B. Cohen*, for plaintiff.

*J. S. Conwell*, for garnishee.

KUN, J., April 8, 1939.—An attachment sur judgment was issued against defendant Bryer and the New York Life Insurance Company was summoned as garnishee. The answer of the garnishee is that Bryer is a soliciting agent authorized to solicit contracts of insurance for which he is paid a commission. Defendant does not receive any stated wages or salary. In addition to the initial commission paid to defendant Bryer, he is entitled to receive under certain circumstances renewal commissions on insurance sold by him on the second, third, and fourth years' premiums. The amount of such accrued renewal commissions in the hands of the garnishee payable to defendant is $34.36. The question is whether this is subject to the attachment. Defendant

Bryer claims that by virtue of the Act of April 15, 1845, P. L. 459, sec. 5, supplementing the Act of June 16, 1836, P. L. 755, it is not so subject. The act provides that "the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer".

The class of persons intended to be protected by the act has been the subject of frequent consideration and was largely summarized in the case of McCloskey et al. v. Northdale Woolen Mills et al., 296 Pa. 265, 269, as follows:

"Whether the compensation be called 'wages' or 'salary' is immaterial: Com., ex rel. Wolfe, v. Butler, 99 Pa. 535. It was intended to cover amounts due for mental or manual labor expended: Watson Co. v. Christ, 62 Pa. Superior Ct. 604; Hartman v. Mitzel, 8 Pa. Superior Ct. 22. It has included wages due (Catlin v. Ensign, 29 Pa. 264), though the employee was compelled to pay expenses from the sum received (Pa. Coal Co. v. Costello, 33 Pa. 241), as well as commissions collectible for services performed, such as those incurred by the ordinary salesman (Hamberger v. Marcus, 157 Pa. 133), or wages and commissions (Watson Co. v. Christ, supra), and cases where a bonus was added if employment was continued for a definite period: Danziger v. Ferber, 272 Pa. 193. So it has been held that the class covers the ordinary commission merchant, who receives goods into his possession for sale, receiving a percentage for his personal service, and such compensation is protected by the act: Hamberger v. Marcus, supra, page 139."

The question is controlled by the consideration of whether or not the fund involved is payable to defendant Bryer as the result of his personal service or effort. Insofar as it is, it is protected by the statute. Shortly after the Supreme Court decided the case cited, the Superior Court in Diamond T Motor Car Co. v. Patterson et al., 96 Pa. Superior Ct. 305, decided that where a

garnishee owed defendant a sum of money for hauling gravel with his truck, which he had to supply for the work, the fund was within the protection of the statute and was not attachable, although part of the fund might in a sense be considered due for the use of the truck, which in this instance was held to be a mere implement or instrumentality through which defendant worked. It has been held that commissions of a superintendent or supervising architect of building construction are by virtue of the statute exempt from attachment: Central Trust Co. v. Rieger et al., 25 Dist. R. 1074. In Gordy v. Buscillo et al., 18 D. & C. 224, the statute was held to apply to a case of an insurance agent. That case cannot be disinguished on the ground that the agent there was paid a "salary and commissions". Whether the method of compensation be "wages" or "commissions" or both is not controlling. The question turns on what the compensation is payable for. If it is payable for personal service rendered, it is within the protection of the statute and not attachable. It is clear that commissions due a salesman of merchandise are not attachable. There is no valid basis for denying a solicitor or salesman of insurance contracts the protection of the same statute in respect to commissions earned by him by his personal service in selling contracts of insurance. There is no point in the suggestion that because defendant Bryer may also be engaged in the real estate business he does not have the protection of the statute. Moneys due defendant Bryer as broker in other kinds of transactions, if he engages in them, may be attachable, but the statute protects him qua commissions due him as solicitor of life insurance. One does not impinge on the other.

The accrued renewal commissions in the sum of $34.36 in the hands of the garnishee due defendant Bryer are not subject to attachment.

The rule to set aside the attachment sur judgment is made absolute.